# EXHIBIT "A"

(Summons & Complaint – Santos-Mota and Seri v. Dean Jay Furman and J.B. Hunt, et al.)

11250614-1

14325434

CORPORATE SAFETY

JAN 19 2018

RECEIVED

SUMMONS

THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT(S):

J.B. HUNT TRANSPORT, INC.

MICHELLE M. SMITH
Clerk Superior Court of New Jersey

Name of def. to be served: J.B. HUNT TRANSPORT, INC.
1600 SE 66th Street
Oklahoma City, OK 73149

RAYMOND P. VIVINO, ESQ.
NJ Attorney ID# 213091965
VIVINO & VIVINO, ESQS.
401 Hamburg Turnpike
P. O. Box 2242
Wayne, NJ 07474-2242
(973) 790-1661
Attorneys for Plaintiff(s)

|  |  |
|---|---|
| | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION - BERGEN COUNTY |
| | DOCKET NO. L-9164-17 |
| ELIEZER SANTOS-MOTA and TATIANA SERI, : | |
| Plaintiffs, : | Civil Action |
| vs. : | |
| DEAN JAY FURMAN, JOHN DOE (1-3 of them - fictitiously named), J.B. HUNT TRANSPORT, INC. and XYZ COMPANY (1-3 of them-fictitiously named), : | COMPLAINT DEMAND FOR ADMISSIONS DISCOVERY DEMANDS and JURY DEMAND |
| Defendants. : | |

Plaintiffs, ELIEZER SANTOS-MOTA and TATIANA SERI, by way of Complaint against the defendants, say:

### FIRST COUNT - Negligence

1. On or about April 1, 2016, plaintiff, Eliezer Santos-Mota, was legally and lawfully operating a truck to the rear of a J.B. Hunt Transport, Inc. and/or XYZ Company (1-3 of them - fictitiously named) vehicle on or about Morningside

1

Avenue at its intersection with Lake Avenue in Westchester, Yonkers, New York.

2. At the same time, plaintiff's employer was Rubios Logistics LLC whose business address is 102 Fair Street, Hackensack, Bergen County, New Jersey.

3. At the same time, defendant, Dean Jay Furman and/or John Doe (1-3 of them - fictitiously named), was the operator of a vehicle, as an agent, servant or employee, or with the permission of the owner, defendant, J.P. Hunt Transport, Inc. and/or XYZ Company (1-3 of them - fictitiously named), in front of the plaintiff's vehicle.

4. The defendant, Dean Jay Furman and/or John Doe (1-3 of them - fictitiously named), as agent, servant or employee of the defendant, J. P. Hunt Transport, Inc. and/or XYZ Company (1-3 of them - fictitiously named), did back his vehicle up in a negligent and careless manner striking the plaintiff's vehicle and causing the plaintiff to have furniture and other such items fall on his back and other parts of his body, such that the plaintiff was injured.

5. Plaintiff asserts that defendant, J. P. Hunt Transport, Inc. and/or XYZ Company (1-3 of them - fictitiously named), is a national company having certain areas and ports in the State of New Jersey including but not limited to East Brunswick, with trucking jobs and hiring positions in and throughout the State of New Jersey, including but not limited to Bergen County, New Jersey.

6. As a result of the said impact as aforesaid, resulting from the negligence and carelessness of the defendants, the plaintiff, Eliezer Santos-Mota, was caused to be thrown in and about his vehicle, and suffered severe and permanent orthopedic, neurological and neuropsychiatric injuries including but not limited to severe low back pain, numbness in his lower extremities, limitation of motion, muscle pain, vertebral tenderness, continual muscle spasms, and such other injuries including but not limited to orthopedic and neurological including the loss of lordosis and straightening of the lumbar spine including degenerative changes and wedging, all of which are of a permanent nature.

WHEREFORE, plaintiff, Eliezer Santos-Mota, demands judgment against the defendants, both jointly and severally, for damages, interest and costs of court.

## SECOND COUNT - Per Quod

1. Plaintiff, Tatiana Seri, hereby repeats each and every paragraph of the First Count as if set out in full.

2. At the same time, plaintiff, Tatiana Seri, is the wife of the plaintiff, Eliezer Santos-Mota.

3. As a result of the injuries sustained by plaintiff, Eliezer Santos-Mota, the plaintiff, Tatiana Seri, has been caused to expend large sums of money for medical attention and care of her husband, which will continue into the future and there has been a loss of services, society, companionship, and a loss of consortium.

3

WHEREFORE, plaintiff, Tatiana Seri, demands judgment against the defendants, both jointly and severally, for damages, interest and costs of court.

### CERTIFICATION PURSUANT TO RULE 4:5-1

It is hereby certified that to the best present knowledge of counsel for the plaintiff(s) represented herein that the matter in controversy which is the subject of this litigation involving the named parties hereto, is not the subject matter of controversy in any other pending litigation or arbitration proceeding.

### CERTIFICATION PURSUANT TO RULE 1:38-7(c)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

### JURY DEMAND

Plaintiffs hereby demand a trial by a jury as to all issues herein.

VIVINO & VIVINO
Attorneys for Plaintiffs

By: Raymond P. Vivino

DATED: December 28, 2017

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R 4:25-4 notice is hereby given that Raymond S. Vivino, Esq. is hereby designated as trial counsel in the within matter.

4

VIVINO & VIVINO
Attorneys for Plaintiffs

By: *Raymond Vivino*
Raymond P. Vivino

DATED: December 28, 2017

### REQUEST FOR JUDICIAL NOTICE

Plaintiff(s), by way of request to the Court and Notice to all counsel pursuant to New Jersey Rules of Evidence, Rule 201 et als, requests the Court to take judicial notice of the life expectancy table and the content thereof as referred to by New Jersey Court Rule 1:13-5.

VIVINO & VIVINO
Attorneys for Plaintiffs

By: *Raymond Vivino*
Raymond P. Vivino

DATED: December 28, 2017

### NOTICE OF TIME UNIT CHARGE

TAKE FURTHER NOTICE that the plaintiff(s) request a charge on the modified time unit instruction pursuant to Henker vs. Prebyulowski, 216 N. J. Super. 513 (App.Div. 1987).

VIVINO & VIVINO
Attorneys for Plaintiffs

By: *Raymond Vivino*
Raymond P. Vivino

DATED: December 28, 2017

### DEMAND FOR ANSWERS TO INTERROGATORIES

PLEASE TAKE NOTICE that Plaintiff(s) hereby demand of **each and every defendant named** in the above captioned action that same provide answers to Uniform Interrogatories Form C and C(1) pursuant to Rule 4:17-1 et seq. within the time prescribed by the governing Court Rules as well as the following supplemental Interrogatories:

### SUPPLEMENTAL INTERROGATORIES TO DEFENDANT, DEAN JAY FURMAN:

5

S1. State where the defendant, Furman, started his vehicle on the date of the accident, April 1, 2016, up until the time of the collision, and state what various areas and locations he was prior to the accident, and attach a copy of his log sheet.

S2. State whether there was any other passengers in the vehicle with defendant, Dean Jay Furman, prior to the accident, and state their names and addresses.

S3. If defendant asserts there were any other witnesses to the accident, then state the names and addresses of those witnesses.

S4. State whether the defendant, Dean Jay Furman, saw the plaintiff's vehicle prior to the accident, and if so, where was the defendant when he saw the plaintiff's vehicle.

S5. State why the defendant, Dean Jay Furman, backed up his vehicle prior to the accident.

S6. State whether defendant, Dean Jay Furman, admits that he was at fault for the accident, and if not, state any and all factual contentions why he was not at fault.

S7. State what was said between the drivers after the accident.

S8. State whether the police report as indicated on 04 01 2016 #16035112 is a correct report of how the accident happened.

S9. State how long the defendant, Dean Jay Furman, was operating the vehicle prior to the accident.

S10. State the name and address of the insurance company for defendant and attach a copy of its declaration sheet and amount of insurance held.

## CERTIFICATION

I hereby certify that the copies of the reports annexed hereto rendered by treating physicians or proposed expert witnesses are exact copies of the entire report or reports rendered by them; that the existence of other reports of said experts, wither written or oral, are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

To be signed by Defendant during discovery
### DEMAND FOR ADMISSIONS

PLEASE TAKE NOTICE, plaintiff demands of the defendant, DEAN JAY FURMAN, admissions to the following within the time and manner prescribed by the Rules of Court.

### NOTICE UNDER RULE 4:23-3 Expenses on failure to admit

The plaintiff notifies the defendant that in the event the defendant fails to admit properly admitted questions and the plaintiff then has to thereafter prove that genuineness of the documents or admissions by other means, then the defendant shall be responsible for the expenses thereof, including reasonable attorney's fees.

1. That on April 1, 2016, defendant, Dean Jay Furman, was operating a vehicle as agent, servant or employee of JB. Hunt Transport, Inc. from the State of New Jersey.

2. That at the same time, the defendant, Dean Jay Furman, was operating his vehicle on or about Morningside Avenue and Lake Avenue intersection in Westchester, Yonkers, New York.

3. That at the same time, the defendant, Dean Jay Furman, did, without seeing the plaintiff's vehicle behind him, back his truck up such that it was caused to strike the plaintiff's vehicle.

4. That the defendant, Dean Jay Furman, got out of his vehicle and observed that the plaintiff was injured.

5. That after the accident, the defendant, Dean Jay Furman, admitted that the accident was his fault.

6. That the defendant, J. P. Hunt Transport, Inc., does operate trucks in the State of New Jersey, and has such ports for job sites, cargo and freight sites including but not limited to East Brunswick, Elizabeth and such other locations including Cranbury and Bergen County.

7. That prior to this accident, defendant, J.P. Hunt Transport, Inc.'s vehicle regularly traveled through towns in Bergen County, New Jersey.

8. That the defendant, Dean Jay Furman, prior to the accident did make deliveries to various sites in Bergen County, New Jersey.

9. That the defendant, J.P. Hunt Transport, Inc., accepts its duty to defend in the County of Bergen, State of New Jersey.

## CERTIFICATION

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

To be signed by Defendant
during discovery

DATED:

## DEMAND FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE, that pursuant to Rule 4:18-1, we hereby request that you produce true and complete copies within 30 days of service of this request, at the offices of Vivino & Vivino, Esqs., 401 Hamburg Turnpike, Suite 201, Wayne, NJ 07470, or at such other location as is reasonable and convenient for the parties, for examination and for copying, the documents, records and/or tangible things listed below that are within you actual or constructive possession, custody or control:

1. Any and all statements made prior to the date of filing of plaintiff's complaint, by any party to this lawsuit, their agents, representative or employee, whether written or oral.

2. Any and all statements made prior to the date of filing of Plaintiff's complaint, by any witness to the events described in any and all of the paragraphs of the cause of action.

3. Any and all statements made prior to the date of filing of plaintiff's complaint, by any person other than witnesses or parties which relates or refer in any way to the cause of action.

4. Any and all written reports rendered by plaintiff(s) and defendant(s) proposed expert witnesses, including, but not limited to any medical expert witnesses intended or not intended to be called at the time of trial.

5. Any and all books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations or other published documents referred to and utilized by or relied upon by any expert witness whom plaintiff(s) and defendant(s) intend(s) to call at trial.

6. Any and all blue prints, charts, diagrams, drawings, graphs, maps, plats, plans, photographs, models or other visual reproductions of any object, place or thing prepared or utilized

by, referred to or relied upon by an expert witnesses whom plaintiff(s) and defendant(s) intend(s) to call at time of trial.

7. Copy of any photographs or surveys of the scene of the accident or any objects or person involved therein whether in the possession of the attorney, or in the possession of any representatives of the insurance carriers, as well as photostatic copies of any photographs taken of any damaged partes of any automobiles or vehicles that may have been involved in the accident in question.

8. A copy of any and all written reports or summaries of oral reports, as well as a copy of the Curriculum Vitae, of any and all experts that have been supplied to plaintiff's and defendant's attorneys, whose testimony will be offered at the time of trial in the above captioned matter.

9. All liability expert reports. If oral, supply a complete summary of same.

10. Copies of any statements obtained from any witnesses, any party to this action, any parties investigators, agents, servants or employees. If oral, supply a complete summary of same.

11. Copies of any and all medical reports and bills from treating, consulting or examining physicians of plaintiff or defendant.

12. Copies of any and all diagnostic test, reports, summaries and bills relating to plaintiff or defendant.

13. Copies of all interrogatories and responses thereto propounded or received by or from any other party with regard to this action.

14. Provide a detailed summary and/or supporting documents relating to or demonstrating any and all insurance policies which would cover any and all claims referred to in the plaintiff's complaint.

15. Attach hereto copies of any and all documents demonstrating any and all benefits received of any kind and from any source to which the plaintiff or defendant were entitled as a result of the incident which is the subject of this lawsuit together with a summary or documents indicating benefits paid to date.

16. A complete copy of each and every documents which defendant may rely upon at the time of trial.

17. A complete copy of any and all expert reports int eh possession of the defendant regarding the subject matter of this lawsuit.

18. All documents not produced pursuant to the above that the defendant may refer to at the time of trial, mark for identification or offer into evidence during the trial of this matter.

19. All documents referred to or identified in defendant's answers to Interrogatories.

20. A copy of defendant's insurance declaration sheet for the vehicle involved in the accident in question.

21. A copy of the insurance declaration page for each and every insurance policy mentioned in defendant's answers to Interrogatories.

22. A copy of the entire PIP/No-Fault file for Plaintiff or defendant which refers reflects or relates to the accident in question.

23. A copy of any and all contracts or agreements defendant entered into with any other party named in this action which relates, refers or reflects the operation of defendant's vehicle in question or the employment of any defendant.

24. A copy of each and every document or other item obtained by subpoena which reflects, relates or refers to any named party or any other item at issue in this action.

25. A copy of each and every document or other item obtained with plaintiff's authorization which reflects, relates or refers to any party named in this action.

26. Statements concerning the action or subject matter previously made by the defendant pursuant to Rule 4:10-2(c).

27. The reports of any examining experts who have conducted an examination pursuant to Rule 4:10-2 whether or not said expert is expected to testify as per Rule 4:10-2.

28. All photographs in your possession which depict the situs of the event and/or accident and/or persons and/or objects connected to the subject matter of the instant controversy.

29. Copies of all liability and/or damages expert reports in your possession of any person you may call at trial as an expert pursuant to Rule 4:2(d).

30. A copy of any lease agreement for the defendant's vehicle involved in the accident in question which was in effect

on the date of the accident in question.

31. Photographs of the scene of the accident.

32. Photographs of the defendant's vehicle and all portions thereof.

33. Photographs of plaintiff's vehicle after the accident.

34. Any and all statements which were given by any defendant to his insurance carrier.

35. Any and all photographs, repair bills of defendant's vehicle after the accident.

36. Any and all videos that are in the possession of the defendant concerning the accident described.

37. Any and all log sheets or other such instruments indicating where the defendant was when he started the vehicle on the date of the accident up until the point of the accident.

38. A list of any and all locations where the defendant, J.P. Hunt Transport, Inc., operated, delivered or otherwise transported through the County of Bergen and State of New Jersey.

39. Any and all other documentary evidence defendants will produce at the time.

VIVINO & VIVINO<br>
Attorneys for Plaintiffs<br>
By: _____<br>
Raymond P. Vivino

DATED: December 28, 2017

## CERTIFICATION

I hereby certify (or aver) that I have reviewed the document production request and that I have made or caused to be made a good faith search for documents responsive to the request. I further certify (or aver) that as of this date, to the best of my knowledge and information, the production is complete and accurate based on my person knowledge and/or information provided by others. I acknowledge my continuing obligation to make a good faith effort to identify additional documents that are responsive to the request and to promptly serve a supplemental written response and production of such documents, as appropriate, as I become aware of them. The following is a list of the identity and source of knowledge of those who provided information to me.

11

To be signed by defendant
during discovery

DATED:

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE (AUTOMOBILE)

Pursuant to Rule 4:10-2(b), the plaintiff hereby demands that the defendant provide the following information with respect to the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment:

I. On the date of the accident, did the owner of defendant's vehicle have an automobile liability insurance policy and if so, set forth the name of the insurance company, the policy number, the effective date, the policy limits and attach a copy of the Declarations page.

II. On the date of the accident, did the owner of defendant's vehicle have any excess coverage including a personal liability catastrophe umbrella and, if so, set forth the name of the insurance company, the policy number, the effective date, the policy limits and attach a copy of the Declaration page.

III. On the date of the accident, did the driver of defendant's vehicle have an automobile liability insurance policy and if so, set forth the name of the insurance company, the policy number, the effective date, the policy limits and attach a copy of the Declarations page.

IV. On the date of the accident, did the driver of defendant's vehicle have any excess coverage including a personal liability catastrophe umbrella and, if so, set forth the name of the insurance company, the policy number, the effective date, the policy limits and attach a copy of the Declaration page.

V. On the date of the accident, did the driver of defendant's vehicle reside with any family members (persons related by blood, marriage or adoption) who were the named insureds on an automobile liability insurance policy, and if so, set forth the name of the family member, the name of the insurance company, the policy number, the effective date, the policy limits and attach a copy of the Declarations page.

VI. Regarding any family members (person related by blood, marriage or adoption) who were the named insureds on any excess policy including a personal liability catastrophe umbrella and

if so, st forth the name of the family member, the name of the insurance company, the policy number, the effective date, the policy limits and attach a copy of the Declarations page.

VII. On the date of the accident, were there any other insurance agreements or policies not otherwise provided above under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment and if so, set forth the name of the insurance company, the policy number, the effective date, the policy limits and attach a copy of the Declarations page.

I hereby certify under penalty of law that the information set forth above in response to plaintiff's Demand for Discovery of Insurance Coverage is correct and that I will notify plaintiff's attorney immediately if I obtain any additional information.

To be signed by Defendant<br>during discovery

13

# Civil Case Information Statement

Case Details: BERGEN | Civil Part Docket# L-009164-17

| | |
|---|---|
| Case Caption: SANTOS-MOTA ELIEZER VS FURMAN DEAN | Case Type: AUTO NEGLIGENCE-PERSONAL INJURY (NON VERBAL THRESHOLD) |
| Case Initiation Date: 12/28/2017 | Document Type: Complaint with Jury Demand |
| Attorney Name: RAYMOND SCOTT VIVINO | Jury Demand: YES - 12 JURORS |
| Firm Name: VIVINO & VIVINO, ESQS | Hurricane Sandy related? NO |
| Address: 401 HAMBURG TPKE STE 201 | Is this a professional malpractice case? NO |
| WAYNE NJ 07470 | Related cases pending: NO |
| Phone: | If yes, list docket numbers: |
| Name of Party: PLAINTIFF : SANTOS-MOTA, ELIEZER | Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO |
| Name of Defendant's Primary Insurance Company (if known): Unknown | |

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
  If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
  If yes, for what language:

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b)

12/28/2017
Dated

/s/ RAYMOND SCOTT VIVINO
Signed

BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK         NJ 07601-7680

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (201) 527-2600
COURT HOURS 8:30 AM - 4:30 PM

DATE:    DECEMBER 28, 2017
RE:      SANTOS-MOTA ELIEZER  VS FURMAN DEAN
DOCKET:  BER L -009164 17

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMES J. DE LUCA

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    003
AT:  (201) 527-2600.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
   PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE WITH R.4:5A-2.

ATTENTION:

ATT: RAYMOND S. VIVINO
VIVINO & VIVINO, ESQS.
401 HAMBURG TURNPIKE
SUITE 201 PO BOX 2242
WAYNE              NJ 07474-2242

ECOURTS